IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Matthew Ronald Creamer, | ) | |
| | ) | |
| Petitioner, | ) | CIV 12-01781 PHX SRB (MEA) |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Charles L. Ryan, | ) | |
| Arizona Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

TO THE HONORABLE SUSAN R. BOLTON:

        Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about August 16, 2012. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 12) on February 25, 2013. In an order issued September 24, 2013, the Court allowed Petitioner until sixty days after the date the District Court decided Petitioner's motion for emergency injunctive relief to file a reply to the answer to his petition. See Doc. 25. The decision on the motion for injunctive relief was issued October 29, 2013. See Doc. 29. Accordingly, Petitioner's reply to the answer to his petition was due December 30, 2013.

# I Procedural History

An information filed June 14, 2004, charged Petitioner with one count of third-degree burglary and one count of theft. See Answer, Exh. A.  The state also alleged that Petitioner had four historical felony convictions, i.e., a conviction for "criminal simulation" and three convictions for theft.  The state further alleged that Petitioner had committed the charged offenses while on release for the most recent of the previous theft convictions.  See id., Exhs. C & D.

On October 28, 2004, Petitioner filed a pro se motion asking the trial court for the appointment of alternate counsel because, he alleged, his relationship with his attorney was irretrievably compromised.  Id., Exh. E.  On November 1, 2004, the trial court discussed the motion with Petitioner and his attorney, and then denied the motion.  Id., Exhs. F & G.  On November 4, 2004, at the conclusion of a one-day trial, a jury found Petitioner guilty as charged.  Id., Exhs. H-O.

The state court conducted a sentencing hearing on December 14, 2004.  Id., Exhs. Q & R.  The state court found that Petitioner had four historical prior felony convictions. The trial court declined to follow the state's recommendation that it impose an aggravated term of fifteen years imprisonment on each conviction.  The state trial court instead sentenced Petitioner to concurrent, slightly aggravated terms of twelve years imprisonment on each of the counts of conviction.  Id., Exh. Q at 20-21; Exh. R at 2-3.

Petitioner took a timely direct appeal of his convictions and sentences. Petitioner's appointed appellate counsel filed a brief indicating counsel could find no meritorious issues to raise on appeal. <u>Id.</u> Exh. S. Petitioner filed a pro se opening brief in his direct appeal raising four claims for relief. In his pro se brief Petitioner presented a <u>Blakely</u> claim, a claim of ineffective assistance of counsel because his counsel was not replaced after "irreconcilable conflict", a claim that he was not allowed to present mitigating evidence regarding sentencing, and a claim of prosecutorial misconduct, i.e., he asserted that the prosecution made incorrect statements about Petitioner at trial and sentencing. <u>See</u> Doc. 1, Exh. B. In an unpublished memorandum decision issued March 30, 2006, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. <u>Id.</u>, Exh. B.

On October 18, 2006, the Arizona Court of Appeals issued an order addressing Petitioner's substitution-of-counsel claim, which it had previously construed in his direct appeal as an ineffective assistance of counsel claim; the appellate court denied relief on the claim. <u>Id.</u> (Doc. 1), Exh. D, Attach. B. Petitioner sought review of this decision by the Arizona Supreme Court, which summarily denied review. <u>See</u> Answer, Exh. Z. The United States Supreme Court denied Petitioner's petition for a writ of certiorari on December 3, 2007. <u>See</u> Doc. 1, Exhs. E, F, G.

Prior to the denial of certiorari, on July 3, 2007, Petitioner initiated a state action for post-conviction relief

pursuant to Rule 32, Arizona Rules of Criminal Procedure. _Id._ (Doc. 1), Exh. M.  In his Rule 32 action Petitioner asserted a claim corresponding to his third federal habeas claim, and two ineffective-assistance-of-counsel claims which correspond to his fourth and fifth federal habeas claims. _See_ _id.,_ Exh. H. Petitioner also filed an amendment to his Rule 32 pleading in which he raised an ineffective assistance claim that corresponds to his sixth federal habeas claim. _Id._, Exh. I.

In a decision issued November 20, 2008, the state trial court denied post-conviction relief.  Doc. 1, Exh. J.  In a decision issued August 22, 2011, the Arizona Court of Appeals summarily denied a petition for review of this decision. _Id._, Exh. K & Exh. L.

On August 16, 2012, Petitioner filed the pending federal habeas petition in this Court, raising six claims for relief.  Respondents allow that the petition is timely filed. Respondents also allow that Petitioner's claims for relief are exhausted in the state courts.

**II Standard of review**

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. _See_ 28 U.S.C. § 2254(d); _Carey v. Musladin_, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); _Musladin v. Lamarque_, 555 F.3d 834, 838 (9th Cir. 2009).  "Under AEDPA, a federal

-4-

court may not grant a petition for a writ of habeas corpus unless the state court's adjudication on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1390 (2012), <u>quoting</u> 28 U.S.C. § 2254(d)(1).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of United States Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. <u>See</u>, <u>e.g.</u>, <u>Brown v. Payton</u>, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005); <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004); <u>Runningeagle v. Ryan</u>, 686 F.3d 758, 785 (9th Cir. 2012), <u>cert.</u> <u>denied</u>, 133 S. Ct. 2766 (2013). For example, a state court's decision is considered contrary to federal law if the state court erroneously applied the wrong standard of review or an incorrect test to a claim. <u>See Knowles v. Mirzayance</u>, 556 U.S. 111, 121, 129 S. Ct. 1411, 1419 (2009); <u>Wright v. Van Patten</u>, 552 U.S. 120, 124-25, 128 S. Ct. 743, 746-47 (2008); <u>Runningeagle</u>, 686 F.3d at 784-85; <u>Norris v. Morgan</u>, 622 F.3d 1276, 1288 (9th Cir. 2010). <u>See also</u> <u>Frantz v. Hazey</u>, 533 F.3d 724, 737 (9th Cir. 2008); <u>Bledsoe v. Bruce</u>, 569 F.3d 1223, 1233 (10th Cir. 2009).

A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts

in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable.  See McNeal v. Adams, 623 F.3d 1283, 1287-88 (9th Cir. 2010).  When considering such a claim, "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask where it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court."  Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

        The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled."  Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000).  See also Cheney v. Washington, 614 F.3d 987, 994 (9th Cir. 2010).  However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered *objectively* unreasonable.  See, e.g., Renico v. Lett, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010); Runningeagle, 686 F.3d at 785.  An unreasonable application of law is different from an incorrect one.  See Renico, 130 S. Ct. at 1862; Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005). "That test is an objective one and does not permit a court to grant relief simply because the state court might have

-6-

1   incorrectly applied federal law to the facts of a certain case."

2   <u>Adamson v. Cathel</u>, 633 F.3d 248, 255-56 (3d Cir. 2011).

3           A state court's determination that a claim
        lacks merit precludes federal habeas relief
4       so long as "fairminded jurists could
        disagree" on the correctness of the state
5       court's decision. <u>Yarborough v. Alvarado</u>, 541
        U.S. 652, 664, 124 S. Ct. 2140,[ ] (2004).
6       And as this Court has explained,
        "[E]valuating whether a rule application was
7       unreasonable requires considering the rule's
        specificity. The more general the rule, the
8       more leeway courts have in reaching outcomes
        in case-by-case determinations." <u>Ibid.</u> "[I]t
9       is not an unreasonable application of clearly
        established Federal law for a state court to
10      decline to apply a specific legal rule that
        has not been squarely established by this
11      Court." <u>Knowles v. Mirzayance</u>, 556 U.S. 111,
        129 S.Ct. 1411, 1413-14, [ ] (2009) (internal
12      quotation marks omitted).

13  <u>Harrington</u>, 131 S. Ct. at 786.

14          The phrase "clearly established Federal law"
        refers to "the holdings, as opposed to the
15      dicta," of the Supreme Court's decisions "as
        of the time of the relevant state-court
16      decision." <u>Williams v. Taylor</u>, 529 U.S. 362,
        412, 120 S. Ct. 1495 [ ] (2000). A state
17      court's decision is "contrary to" this body
        of law if it applies a rule that contradicts
18      the governing law articulated by the Supreme
        Court or arrives at a result different than
19      that reached by the Supreme Court in a case
        with materially indistinguishable facts. <u>Id.</u>
20      at 405-06, 529 U.S. 362, 120 S. Ct. 1495, [].
            A decision involves an "unreasonable
21      application" of clearly established federal
        law if it "identifies the correct governing
22      legal principle ... but unreasonably applies
        that principle to the facts of the prisoner's
23      case." <u>Id.</u> at 413, 529 U.S. 362, 120 S. Ct.
        1495 []. The Supreme Court has emphasized
24      that "an unreasonable application of federal
        law is different from an incorrect
25      application of federal law." <u>Id.</u> at 410, 529
        U.S. 362, 120 S. Ct. 1495, []. Accordingly,
26      "a federal habeas court may not issue the
        writ simply because that court concludes in
27      its independent judgment that the relevant

28                                  -7-

state-court decision applied clearly
established federal law erroneously or
incorrectly." Id. at 411, 529 U.S. 362, 120
S. Ct. 1495. Instead, the court must
determine whether the state court's
application of Supreme Court precedents was
objectively unreasonable. Id. at 409, 529
U.S. 362, 120 S. Ct. 1495, []. Although the
Supreme Court's decisions are the focus of
the unreasonable-application inquiry, we may
look to Ninth Circuit case law as "persuasive
authority for purposes of determining whether
a particular state court decision is an
'unreasonable application' of Supreme Court
law." Duhaime v. Ducharme, 200 F.3d 597, 600
(9th Cir. 2000).

Howard v. Clark, 608 F.3d 563, 567–68 (9th Cir. 2010).

Accordingly, if the Supreme Court has not addressed a
specific issue in its holdings, the state court's adjudication
of the issue cannot be an unreasonable application of clearly
established federal law. See Stenson v. Lambert, 504 F.3d 873,
881 (9th Cir. 2007), citing Kane v. Garcia Espitia, 546 U.S. 9,
10, 126 S. Ct. 407, 408 (2006). Stated another way, if the
issue raised by the petitioner "is an open question in the
Supreme Court's jurisprudence," the Court may not issue a writ
of habeas corpus on the basis that the state court unreasonably
applied clearly established federal law by rejecting the precise
claim presented by the petitioner. Cook, 538 F.3d at 1016;
Crater v. Galaza, 491 F.3d 1119, 1123 (9th Cir. 2007). The
United States Supreme Court "has held on numerous occasions that
it is not an unreasonable application of clearly established
Federal law for a state court to decline to apply a specific
legal rule that has not been squarely established by this
Court." Knowles, 129 S. Ct. at 1419, citing Wright, 552 U.S. at

-8-

124-25, 128 S. Ct. at 746-47.

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240-41, 125 S. Ct. 2317, 2325 (2005); Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); Runningeagle, 686 F.3d at 763 n.1; Crittenden v. Ayers, 624 F.3d 943, 950 (9th Cir. 2010); Stenson, 504 F.3d at 881; Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." Sumner v. Mata, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304-05 (1982). Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires.  See Lafler, 132 S. Ct. 1389-90; Panetti v.

1   <u>Quarterman</u>, 551 U.S. 930, 953–54, 127 S. Ct. 2842, 2858–59

2   (2007); <u>Runningeagle</u>, 686 F.3d at 785–86; <u>Greenway v. Schriro</u>,

3   653 F.3d 790, 805–06 (9th Cir. 2011).

4   **III Analysis**

5   **A. Petitioner's claims for relief**

6   **1. Petitioner contends the trial court's denial of his**

7   **motion to change counsel violated his Sixth Amendment rights.**

8   Petitioner argues that the state trial court's denial

9   of his motion to appoint alternate counsel violated his Sixth

10   Amendment right to the effective assistance of counsel.

11   The Arizona Court of Appeals rejected Petitioner's

12   substitution-of-counsel claim on the merits. The state

13   appellate court determined that, even assuming Petitioner's

14   claims were true, counsel's behavior was explained by his

15   obligations under the rules of ethics regarding suborning

16   perjury and not making false statements to the trial court, in

17   addition to being classified as strategic decisions regarding

18   Petitioner's defense. The Arizona Court of Appeals also

19   concluded:

20   What Creamer characterizes as his attorney's

21   failure to discuss the case in fact appears to be Creamer's reticence to allow his attorney to make the legal decisions

22   regarding his case. Disagreements over trial strategy or a loss of confidence in one's

23   attorney do not warrant the appointment of new counsel. <u>State v. Cromwell</u>, 211 Ariz.

24   181, 186–87, ¶¶ 29–30, 119 P.3d 448, 453–54 (2005). It was a strategic choice to hear the

25   State's witnesses' testimony before counsel advised Creamer about whether or not he

26   should testify. Similarly, his attorney's decision not to investigate the value of the

27   numerous stolen items was a strategic choice.

28   -10-

The attorney may have reasonably concluded that the statutory minimum value, $3,000, was undoubtedly met. An officer testified that a table in the hotel room was filled with "hundreds of vinyl records ... [t]he bed was covered with boxed ... [t]here was computer equipment ... there [were] a lot of boxes of baseball cards, football cards, hockey cards ...." The victim estimated the value of these items as being between $8,000 and $12,000. Finally, a jury found that the items were worth at least $3,000. Creamer's complaints largely address his attorney's strategic choices and not anything that constitutes an irreconcilable conflict. Absent an irreconcilable conflict, the remaining <u>Moody</u> factors did not warrant granting Creamer's motion....

Doc. 1, Exh. D, Attach. B.

The Arizona court's determination that Petitioner's constitutional rights were not violated by the refusal to appoint substitute counsel was not clearly contrary to nor an unreasonable application of federal law.  The federal courts have determined that when a defendant contends an irreconcilable conflict has arisen with their defense counsel, the trial court must conduct a timely inquiry into the propriety of the continued representation.  <u>See</u> <u>Holloway v. Arkansas</u>, 435 U.S. 475, 484, 98 S. Ct. 1173, 1179 (1978).  When a defendant indicates dissatisfaction with his counsel, the trial court ordinarily must conduct a thorough inquiry in order to discover whether the situation is depriving the defendant of an adequate defense.  <u>See</u> <u>Hudson v. Rushen</u>, 686 F.2d 826, 829 (9th Cir. 1982).  In determining whether the trial judge should have granted a substitution motion, the reviewing habeas court may consider the extent of the alleged conflict, whether the trial

-11-

judge made an appropriate inquiry into the extent of the conflict, and the timeliness of the motion to substitute counsel.  See Daniels v. Woodford, 428 F.3d 1181, 1197–98 (9th Cir. 2005).

A review of the record in this matter indicates that the state trial court conducted the relevant inquiry.  See King v. Rowland, 977 F.2d 1354, 1357 (9th Cir. 1992).  Accordingly, the state court's decision that this alleged error did not deprive Petitioner of a federal constitutional right was not clearly contrary to nor an unreasonable application of federal law.

**2. Petitioner contends he was denied his right to access the courts, and that his right to due process was violated, because he was not interviewed by the individual who prepared a presentence report for the trial court.**

Petitioner argues that the presentence-report author's failure to interview him denied him the opportunity to place mitigating factors into the record and violated his right to access to the courts and his right to due process of law.

The Arizona Court of Appeals' rejection of this claim did not constitute an objectively unreasonable application of United States Supreme Court precedent.  The Supreme Court has never interpreted the Sixth or the Fourteenth Amendment to impose a federal constitutional obligation on a state government to afford a criminal defendant a presentence interview in preparation for a pending sentencing hearing, and Petitioner points to no case so holding.

-12-

The absence of such a principle from a holding of the Supreme Court "as of the time the state court render[ed] its decision" requires denying the habeas claim.  Greene v. Fisher, 132 S. Ct. 38, 44 (2011) (internal quotation marks omitted); Ponce v. Felker, 606 F.3d 596, 604 (9th Cir. 2010); Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009).  Accordingly, Petitioner has not established that the state court's decision denying relief on this claim was clearly contrary to nor an unreasonable application of federal law and Petitioner is not entitled to relief on this claim.

**3. Petitioner contends the method used by the state trial court to call a panel of jury venire men violated his constitutional rights.**

In his third habeas claim Petitioner argues that the trial court violated his right to a jury panel comprised of "the whole of Maricopa County" by the trial court's use of the "Proximity Weighted Summoning System".  This system, Petitioner alleges, attempted to work in favor of prospective jurors by randomly assigning them to the master jury list as usual but apparently weighing the prospective juror's residential location in determining to which courthouse to assign them.  See Doc. 1 at 10–11.  Petitioner argues that, at the time of his trial, the state court's director of jury management "used computer software that contained an algorithm designed to load jury pools at any particular court center with a percentage of persons residing in the zip code areas closest to that center[,]" and hence "the jury pool at any given center, on any given day, was

-13-

not one randomly drawn from Maricopa County as a whole", because the system's purpose was to "ensure that persons living near the southwest court complex, for example, were not required to drive to the northwest court complex in order to fulfill their jury responsibilities." Id. at 10.

Respondents contend Petitioner procedurally defaulted this claim by failing to fairly present it to the Arizona Court of Appeals in a procedurally correct manner. Petitioner raised this claim in his Rule 32 proceedings and the state court denied the claim based on a state rule precluding claims that could have been raised in a direct appeal.

A federal court may not grant a habeas petition unless the petitioner has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A). A federal habeas claim is exhausted, but procedurally defaulted, if it has been raised in the state courts but the state court found the claim precluded by a state procedural rule regarding waiver and the preclusion of claims. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). If the procedural default of the federal habeas claim is based on an "an independent and adequate state procedural rule," the claim is procedurally barred in federal court unless the petitioner can excuse the default by showing cause and prejudice or a fundamental miscarriage of justice. See Hurles v. Ryan, 706 F.3d 1021, 1032 (9th Cir. 2013), petition for cert. filed, 82 U.S.L.W. 3009 (June 17, 2013).

> A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural default. The state procedural bar must be "independent" of the federal question and "adequate to support the judgment." A state procedural rule constitutes an "adequate" bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court.

Cooper v. Brown, 510 F.3d 870, 924 (9th Cir. 2007) (internal citations omitted)

Arizona's state rules regarding the waiver and preclusion of claims have been found to be independent and adequate bases for denying federal habeas relief on a claim subject to those rules. Stewart v. Smith, 536 U.S. 856, 859–60, 122 S. Ct. 2578, 2581 (2002); Ortiz v. Stewart, 149 F.3d 923, 931–32 (9th Cir. 1998).

Petitioner has not established cause for, nor prejudice arising from his procedural default of this federal habeas claim, i.e., a reason why he did not present this claim in his direct appeal. See Hurles, 706 F.3d at 1032. Petitioner has not established that a fundamental miscarriage of justice will occur absent the Court's consideration of the merits of the claim. Therefore, the Court should not consider the merits of the claim.

**4. Petitioner contends he was denied his right to the effective assistance of counsel because his trial counsel did not move to suppress the admission of evidence.**

In his fourth habeas claim, Petitioner argues that he received ineffective assistance of counsel because his trial

-15-

counsel failed to file a motion to suppress evidence, i.e., the victim's stolen property seized during a search of a hotel room which was occupied by Petitioner and his girlfriend.  Petitioner contends a motion to suppress would have been successful: "the court would have been required to suppress all evidence discovered as a result of the warrantless search."  Doc. 1 at 12.

The state trial court summarily denied all of Petitioner's ineffective assistance claims on the merits, concluding that "[u]nder these interesting circumstances it is extremely difficult for this Court to find a material fact in support of the Petitioner's claim of ineffective assistance of counsel".  The state court's decision denying this claim was not an objectively unreasonable application of Supreme Court precedent.

To state a claim for ineffective assistance of counsel, a habeas petitioner must show both that his attorney's performance was deficient and that the deficiency prejudiced the outcome of his criminal proceedings.  See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance.  See id., 466 U.S. at 687, 104 S. Ct. at 2064. Counsel's performance will be held constitutionally deficient only if the habeas petitioner proves counsel's actions "fell below an objective standard of reasonableness," as measured by

"prevailing professional norms." <u>Strickland</u>, 466 U.S. at 688, 104 S. Ct. at 2064-65.  <u>See also</u> <u>Cheney v. Washington</u>, 614 F.3d 987, 994-95 (9th Cir. 2010).

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range' of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

<u>Premo v. Moore</u>, 131 S. Ct. 733, 739 (2011) (internal citations and quotations omitted), <u>citing</u> <u>Harrington</u>, 131 S. Ct. at 788.

To establish prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068.  <u>See</u> <u>also</u>, <u>e.g.</u>, <u>Cheney</u>, 614 F.3d at 994.  To succeed on an assertion his counsel's performance was deficient because counsel failed to raise a particular argument, the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. <u>See</u> <u>Tanner v. McDaniel</u>, 493 F.3d 1135, 1144 (9th Cir. 2007); <u>Weaver v. Palmateer</u>, 455 F.3d 958, 970 (9th Cir. 2006). Accordingly, counsel's performance is not deficient nor prejudicial when counsel "fails" to raise an argument that counsel reasonably believes would be futile. <u>See</u> <u>Premo</u>, 131 S. Ct. at 741; <u>Harrington</u>, 131 S. Ct. at 788.

Additionally, it is Petitioner's burden to establish both that his counsel's performance was deficient and that he was prejudiced thereby.  See, e.g., Wong v. Belmontes, 558 U.S. 15, 16-17, 130 S. Ct. 383, 384-85 (2009). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693, 104 S. Ct. at 2067.  "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 555 U.S. 356, 371-72, 130 S. Ct. 1473, 1485 (2010), quoted in Harrington, 131 S. Ct. at 788.

In rejecting Petitioner's ineffective assistance of counsel claim with regard to counsel's "failure" to file a motion to suppress, the state trial court concluded:

> Petitioner claims his counsel was ineffective because he failed to file a Motion to Suppress.  The State's position is that the Petition[er] did not have "standing" to file a Motion to Suppress, therefore, his attorney was not "ineffective."
> Petitioner admitted to the investigating officers that he stole the items in question from the victim's storage locker.  His defense at trial was that he was innocent of the burglary and theft charges; that his girlfriend was guilty; and that he had lied to the police in order to protect his girlfriend.
> In his Reply Memorandum, Petitioner argues that, had the Motion to Suppress been filed, it would not have been necessary to have his girlfriend testify at trial in support of his version of the truth.  Further, that because all of the property found in the motel room belonged to him, he clearly had standing to file the Motion to Suppress.
> Under these interesting circumstances it is extremely difficult for this Court to find a material fact in support of Petitioner's claim of ineffective assistance of counsel.

-18-

Doc. 1, Exh. J.

Petitioner's counsel's decision not to file a motion to suppress can be considered a reasonable strategic decision not to press a futile motion and, accordingly, neither deficient performance nor a prejudicial act pursuant to <u>Strickland</u>. Petitioner's claim that a motion to suppress would have been successful is belied by the state court's rejection of the claim based on application of the <u>Strickland</u> standard, i.e., the state court impliedly concluded a motion to suppress would have been denied by the trial court.

Because counsel's performance is not deficient nor prejudicial if counsel fails to raise a meritless argument, Petitioner has not met his burden of showing deficient performance nor prejudice. Accordingly, the state court's decision denying relief on this claim was not clearly contrary to nor an unreasonable application of federal law and this claim should be denied on the merits.

**5. Petitioner contends he was denied his right to the effective assistance of counsel because his counsel did not challenge the state's "failure" to prove the fair-market value of the victim's stolen property.**

Petitioner argues that his attorney's failure to require the state to inventory the stolen property deprived Petitioner of the opportunity to show that the fair-market value of the stolen property fell below $3,000.00, which would have reduced the felony classification from the Class 3 felony of theft to a lesser crime.

-19-

The state trial court rejected this claim when presented in Petitioner's Rule 32 action without explaining its decision in regard to this specific assignment of error by counsel. After noting that Petitioner had first confessed to the crime and then recanted his confession and then implicated his girlfriend, the state court concluded: "Under these interesting circumstances it is extremely difficult for this Court to find a material fact in support of Petitioner's claim of ineffective assistance of counsel."

The Court concludes there was no reasonable probability Petitioner's counsel could have persuaded a jury that the value of "thousands" of stolen sports cards and hundreds of music records was less than $3,000.00. Petitioner has not shown that his counsel's alleged "failure" to establish the value of more than 3,000 pieces of evidence to was not a reasonable strategic decision. Nor has Petitioner met his burden of showing how counsel's alleged deficient performance in this regard was prejudicial. The state court's application of Strickland to this decision by counsel was not an unreasonable application of federal law. Accordingly, counsel's performance in failing to raise a losing argument was not deficient and Petitioner was not prejudiced as a result of counsel's decision.

**6. Petitioner contends his counsel's performance at sentencing was ineffective.**

Petitioner contends that he received ineffective assistance of counsel because counsel failed to investigate and present at the sentencing hearing the mitigating evidence of

-20-

Petitioner's history of mental illness and substance abuse, suicide attempts, and psychiatric issues and hospitalization. Petitioner argues that his counsel neither investigated these issues nor determined that an investigation was not necessary. Petitioner asserts there is a "reasonable probability that the result of the sentencing proceeding would have been different, and could have resulted in a lesser sentence" had counsel adequately investigated these issues.

The state court's decision denying this claim was not contrary to nor an unreasonable application of <u>Strickland</u>. Petitioner has not established that any alleged "failure" was unreasonably deficient performance or prejudicial. Petitioner made the sentencing court aware of mitigating factors and Petitioner's friend wrote a letter on his behalf and spoke at his sentencing regarding Petitioner's proficiency in the law, the absence of any drug-abuse crimes, violence, or sex-related crimes, and what they opined was the futility of an long sentence. Petitioner spoke for himself at the sentencing hearing. Petitioner's attorney emphasized that the offenses were property-related and not violent offenses.

As noted by Respondents, Petitioner did not discuss any mental-health history in his letter to the trial court, nor did he discuss the issue during his allocution in the sentencing court. Although Petitioner now asserts he is and was mentally ill, he did not submit any mental-health records in his state action for post-conviction relief.

-21-

Based on the record before the state court, its decision that Petitioner was not denied the effective assistance of counsel in his sentencing proceedings was not clearly contrary to nor an unreasonable application of federal law.

## IV Conclusion

Petitioner procedurally defaulted one of his federal habeas claims in the state courts by failing to raise the claim, regarding the jury venire pool, in a procedurally correct manner.  The state court's denial of the claim was based on an adequate and independent state law basis for declining to consider the merits of the claim in this habeas proceeding.  The state courts' decisions denying the merits of Petitioner's other federal habeas claims were not clearly contrary to nor an unreasonable application of federal law and, accordingly, Petitioner is not entitled to habeas relief.

**IT IS THEREFORE RECOMMENDED that** Mr. Creamer's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the

parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 3rd day of January, 2014.

_____
Mark E. Aspey
United States Magistrate Judge

-23-